FILED
2021 Apr-28  AM 09:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | 6:19-cr-00219-LSC-SGC-5 |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA LINTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER DENYING DEFENDANT JESSICA
LINTON'S MOTION FOR ACQUITTAL OR NEW TRIAL**

On March 1, 2021, a jury found Defendant Jessica Linton ("Linton") guilty on Counts 1, 10–11, 16–19, 23–25, 30–33, 60, 64–65, 70–75, and 79 of the Indictment. (Doc. 240.) These counts include Conspiracy to Commit Health Care Fraud and Mail Fraud, in violation of 18 U.S.C. § 1349 (Count 1), thirteen counts of Health Care Fraud, in violation of 18 U.S.C. 1347 (Counts 10–11, 16–19, 23–25, and 30–33), three counts of Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts 60, 64, and 65), and seven counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Counts 70–75 and 79). (Doc. 1.)

Linton has now moved for the Court either to overturn the jury's verdict and enter a judgment of acquittal under Fed. R. Crim. P. 29 or to grant a new trial under Fed. R. Crim. P. 33.  Linton makes one argument—that the United States

failed to prove Linton's intent to defraud. Linton's motion is due to be denied in full.

## Discussion

A district court may overturn the jury's verdict and enter a judgment of acquittal under Rule 29 "if there is insufficient evidence to sustain the verdict." *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004). "Unless the jury could not have found the defendant guilty under any reasonable construction of the evidence," the court must uphold the conviction. *United States v. Frank*, 599 F.3d 1221, 1233 (11th Cir. 2010). Under Rule 33, a court may vacate a judgment and grant a new trial "if the interest of justice so requires." Fed R. Crim P. 33. "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).

At trial, ample evidence supported the jury's verdict on all counts. Intent to defraud requires only "that the defendant had the intent to deceive." *United States v. Paradies*, 98 F.3d 1266, 1285 (11th Cir. 1996). "[I]gnorance of the law is no defense." *Id.* The evidence on the record shows that Linton took steps to deceive PBM auditors by soliciting backdated prescriptions. (Gov't Exs. 100, 101, 105.) Linton also solicited copayments from Global employees so that Global could

falsely represent to PBM that Global had attempted to collect copays from patients. (Gov't Exs. 99, 128–129, 141, 591.)

Linton's attempts to obfuscate Global's business practices further demonstrate her intent to deceive. For example, Linton told various Global employees to avoid documenting certain practices. (*See* Gov't Ex. 591 at 4.) She specifically taught her subordinates how to document Global's improper copay collection practices. (Gov't Ex. 205.)  In order to hide Global's fraud, Linton even redirected prescriptions to the home of her boss, Jeremy Adams, without the patients' knowledge. (*See* Gov't Ex. 630–635.) The jury could reasonably infer from this evidence that Linton acted with the requisite intent to defraud.

Lastly, the jury saw evidence that Linton worked to fill prescriptions based on reimbursement costs and not medical need. (*See, e.g.* Gov't Exs. 48, 52, 54, 58–60.) At one point, Linton texted Angie Nelson, a district manager at Global, about a manufactured drug called Silapak that had been prescribed to Nelson's family member, a minor. (Gov't Ex. 588 at 27.) Linton wrote that James Mays, her boss, was "not comfortable with [patients] under 6 using Silapak," but that he would provide the prescription "as long as [Nelson does not] actually use it on her." *Id.* This evidence strongly supports the jury's determination that Linton had the requisite intent to defraud.

**Conclusion**

The trial record supports the jury's determination that Linton had the requisite intent to defraud. Therefore, the weight of evidence does not predominate against conviction, and a reasonable jury could have determined that Linton was guilty on all counts. Acquittal is not proper under Fed. R. Crim. P. 29, and a new trial is not proper under Fed. R. Crim. P. 33. Accordingly, Linton's motion is hereby DENIED.

**DONE** and **ORDERED** on April 28, 2021.

L. Scott Coogler
United States District Judge

203171