IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| | )     6:19-cr-00219-LSC-SGC-5 |
| v. | ) ) |
| JESSICA LINTON, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER DENYING DEFENDANT JESSICA LINTON'S MOTION FOR RELEASE PENDING APPEAL**

On March 1, 2021, a jury found Defendant Jessica Linton ("Linton") guilty on Counts 1, 10–11, 16–19, 23–25, 30–33, 60, 64–65, 70–75, and 79 of the Indictment. (Doc. 240.) These counts include Conspiracy to Commit Health Care Fraud and Mail Fraud, in violation of 18 U.S.C. § 1349 (Count 1), thirteen counts of Health Care Fraud, in violation of 18 U.S.C. § 1347 (Counts 10–11, 16–19, 23–25, and 30–33), three counts of Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts 60, 64, and 65), and seven counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Counts 70–75 and 79). (Doc. 1.) Linton appealed the Court's judgment on May 13, 2021. (Doc. 346.)

Linton has now moved, pursuant to 18 U.S.C. § 3143(b)(1), for the Court to release her pending appeal. (Doc. 345.) For the reasons stated below, Linton's motion is due to be denied.

## Discussion

To qualify for release, a defendant must demonstrate "that the appeal . . . raises a substantial question of law or fact likely to result in . . . reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence." 18 U.S.C. 3143(b)(1).

Linton's appeal does not meet this standard. As stated in the Court's order denying a new trial (doc. 297), ample evidence supported the jury's verdict on all counts. Linton took steps to deceive PBM auditors by soliciting backdated prescriptions. (Gov't Exs. 100, 101, 105.) Linton also solicited copayments from Global employees so that Global could falsely represent to PBM that Global had attempted to collect copays from patients. (Gov't Exs. 99, 128–129, 141, 591.)

Linton also worked to fill prescriptions based on reimbursement costs and not medical need. (*See, e.g.* Gov't Exs. 48, 52, 54, 58–60.) At one point, Linton texted Angie Nelson, a district manager at Global, about a manufactured drug called Silapak that had been prescribed to Nelson's family member, a minor. (Gov't Ex. 588 at 27.) Linton wrote that James Mays, her boss, was "not

comfortable with [patients] under 6 using Silapak," but that he would fill the prescription "as long as [Nelson does not] actually use it on her." *Id.*

## Conclusion

Because the record overwhelmingly supports Linton's conviction, her appeal is unlikely to succeed. Accordingly, the Court will not release her pending appeal. Linton's motion (doc. 345) is hereby DENIED.

**DONE** and **ORDERED** on June 7, 2021.

*[signature]*
L. Scott Coogler
United States District Judge

203171